**IT IS ORDERED**

**Date Entered on Docket: September 20, 2022**



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

DUDLEY STEPHEN WILKS
STEPHANIE NICOLE WILKS

      Debtors.                                          Case No. 13-19-11250-JR

**STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
AND PROVIDING FOR THE ABANDONMENT OF PROPERTY**

      This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property, filed on June 1, 2022, (DOC 65) (the "Motion") by Lakeview Loan Servicing, LLC ("Creditor"), and the Debtors' Response to Creditor's Motion for Relief from Automatic Stay (the "Objection") filed on June 20, 2022 (DOC 67). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

a. On June 1, 2022, Creditor served the Motion and a notice of the Motion (the "Notice") on Elizabeth Leigh Hightower, Attorney for Debtors, and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors Dudley Stephen Wilks and Stephanie Nicole Wilks, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

b. The Motion relates to the property located at 4904 Breanna St. Hobbs, New Mexico 88242, more fully described as:

> Lot Thirty-Six (36), of the Windsor Estates Subdivision to the City of Hobbs, Lea County, New Mexico as shown on that certain Plat filed 2-29-08, in Book 1566, Page 657, and Amended in Book 1594, Page 238, Lea County Records, Lea County, New Mexico.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

c. The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

d. The Notice was sufficient in form and content;

e. The objection deadline expired on June 29, 2022;

f. On June 20, 2022 the Debtors filed an Objection to the Motion;

g. As of July 11, 2022, the Trustee nor any other party in interest other than the Debtors, filed an objection to the Motion;

h. The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having

considered Creditor's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. The Debtor will cure the post-petition payment amounts due on Creditor's Note (the "Note") and Deed of Trust for June 1, 2022 through September 1, 2022, being four (4) payments of $2,225.80 each for a total of $8,903.20, with a credit from the suspense account of $1,705.74, **for a total post-petition payment arrearage amount through September 1, 2022 of $7,197.46**.

2. The post-petition payment arrearage shall be paid through the plan following the filing of a proof of claim reflecting the amounts stated herein.

3. The Debtors shall continue to make their regular monthly mortgage payments in the current amount of $2,225.80 as they come due (unless otherwise notified by Creditor), commencing with the October 1, 2022 payment and continuing thereafter.

4. In the event the Debtors fail to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel. The Debtors will have ten (10) days from the filing of a Notice of Default to cure the default. There will be $100.00 in attorney's fees associated with the filing of any such Notice. **The Debtors will only receive two (2) such Notices**. If the Debtors fail to cure the default, including the payment of the above described attorney's fees, within ten (10) days from the filing of a Notice of Default, then upon the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself to the rights

and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

5. **In the event that the Debtors default a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

6. In the event the Debtors default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to Creditor pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by Creditor for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

The Debtors owe a post petition arrearage totaling $7,725.46. The arrearage payments shall be paid through the Chapter 13 Plan upon the filing of a proof of claim by Creditor.

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Creditor's Note and Mortgage. Said property is located at 4904 Breanna St., Hobbs, New Mexico 88242 (the "Property"), more fully and completely described as:

> Lot Thirty-Six (36), of the Windsor Estates Subdivision to the City of Hobbs, Lea County, New Mexico as shown on that certain Plat filed 2-29-08, in Book 1566, Page 657, and Amended in Book 1594, Page 238, Lea County Records, Lea County, New Mexico.

7990-545-BB 7872065.doc iaa 4
Case 19-11250-j13    Doc 72    Filed 09/20/22    Entered 09/20/22 13:28:02 Page 4 of 6

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Creditor may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to Creditor pursuant to Debtors' Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtors to Creditor after sale of the Property shall be set forth in an Amended Proof of Claim filed by Creditor and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtors' default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Creditor may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE RAMIREZ & ASSOCIATES, P.C.

By */s/Elizabeth Dranttel e-signed*
    Elizabeth Dranttel
    Attorneys for Creditor
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Facsimile: (505) 833-3040
    E-mail: elizabeth.dranttel@rrafirm.com

APPROVED BY:

SANDERS, BRUIN, COLL, & WORLEY, PA

By *concurrence received via e-mail 9.20.22*
    Elizabeth Leigh Hightower
    Attorney for Debtors
    701 W. Country Club Rd.
    Roswell, NM 88201
    Telephone: 575-622-5853
    blhightower@sbcw-law.com
    Telephone: (575) 622-5440
    Facsimile: 575-622-5853
    E-mail: blhightower@sbcw-law.com


By *concurrence received via e-mail 9.20.22*
    Tiffany M. Cornejo
    Chapter 13 Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: (505) 243-1335
    E-mail: orders@ch13nm.com

COPY TO:

Dudley Stephen Wilks
Stephanie Nicole Wilks
Debtors
4904 Breanna St
Hobbs, NM 88242